CINCINNATI, L. & A. ELEC. ST. RY. v. GEORGE H. LOHE, ADMR.

1. STANDING ON PLATFORM OF INTERURBAN CAR, WHILE RUNNING THROUGH OPEN
    COUNTRY, NOT PROXIMATE CAUSE OF INJURY, WHEN.
      Where a passenger on an interurban railway car was thrown therefrom and
      killed by the derailing of the car while running through the open country,
      the fact that he was standing on the platform at the time cannot be held
      to be the proximate cause of his death, when the evidence does not dis-
      close that there was available or reasonably convenient room on the inside
      of the car; that the injury would not have happened had he been on the
      inside; that he had notice of a sign prohibiting passengers from standing
      on the platform; or that he was ordered inside the car by the company's
      servants, and refused to go.

2. COURT MAY DECLARE CONDUCT NEGLIGENCE PER SE, WHEN.
      The court may find as a matter of law that certain conduct constitutes com-
      tributory negligence *per se,* when it is such an act that all men must con-
      clude that it was the proximate cause of the injury complained of.

Railway v. Lohe.

ERROR to Hamilton common pleas court.

**Peck, Shaffer & Peck,** for plaintiff.

**A. V. Benedict,** for defendant.

## JELKE, J.

The law of Ohio, and particularly the law in this case, was laid down by the Supreme Court, when this same case was before it, and is reported in the *Cin. L. & A. Elec. St. Ry.* v. *Lohe,* 68 Ohio St. 101 [67 N. E. Rep. 161]:

"1. An interurban electric railroad is classed as a street railroad by the statutes of this state.

"2. While such interurban railroad companies are subject to the same regulations, and have all the powers of street railroad companies, so far as applicable, the law of negligence governing the standing on a platform of a moving street car in a municipality, is not applicable to the case of standing on such platform of a moving interurban car in the open country.

"3. The law of negligence governing the standing on a platform of a moving interurban car outside of a municipality, is the same as in the case of steam cars; and where a rule of the company prohibits passengers from standing on the platform, * * * or where the passengers upon request refuse to enter the car, there being in either case vacant seats, they may remain on the platform at their peril.

"4. In a contract for safe carriage there is an implied agreement that the passenger will obey the reasonable rules of the carrier; and where the passenger purposely violates such rule, and is thereby injured, he cannot recover damages from the carrier in an action on the contract."

After such reversal, the case was remanded to the court of common pleas and there tried again, resulting once more in a verdict for the plaintiff, Lohe, administrator; upon which the court rendered judgment, error to which is now prosecuted to this court.

If the case as submitted to the jury at this recent trial is substantially the same case as was contained in the record which went to the Supreme Court, the verdict below cannot be sustained, as the same conclusion must be reached as was reached by the Supreme Court.

An examination of the record shows that at this hearing the testimony presented a somewhat different case and developed issues of fact on all the matters found proven or assumed by the Supreme Court in its opinion.

Probably in view of the Supreme Court's opinion counsel in pre-

senting his case emphasized whatever of dispute there was in these issues of fact. In this second trial, the whole first half of the case was eliminated by an agreed statement in regard to the alleged negligence of the defendant, The Cincinnati, Lawrenceburgh & Aurora Electric Street Railroad Company, which was as follows:

"For the purpose of facilitating the trial of this case, it is hereby agreed that neither party shall offer any evidence whatever on the question of the negligence of the defendant, that is, the railroad company, but that question shall be considered and determined as though the plaintiff had offered sufficient evidence to establish the allegations of the petition as to the negligence of the defendant. This agreement not to limit the right of either party in the offer of evidence as to any or all other questions in the case."

It appears in the testimony that the decedent, William Lohe, was standing upon the platform of defendant's car at the time when the car was derailed. It is claimed on behalf of the plaintiff that he was there because there was no available or reasonably convenient room in the car, and that being there under these circumstances, it was not negligence *per se*.

When last before the Supreme Court, the court said, page 111:

"In the case at bar the deceased was ordered into the car by the conductor, and requested to go in by the assistant conductor, there were vacant seats inside, a sign was up, 'Passengers not allowed on the platform,' and yet he remained on the platform because he wanted to smoke a cigar."

In the case of *Cincinnati, D. & T. Trac. Co.* v. *Kent*, 27 O. C. C. 000, this court following the decision of the Supreme Court in *Cin. L. & A. Elec. St. Ry.* v. *Lohe, supra,* and the case of *Hickey* v. *Railway,* 96 Mass. (14 Allen) 429, which our Supreme Court approved, held that it was negligence for a passenger to voluntarily and unnecessarily stand upon the platform of an interurban car when there was standing room inside.

The first proposition of the syllabus in *Hickey* v. *Railway, supra,* is:

"A traveler by railroad cannot maintain an action against a railroad company to recover damages for a personal injury sustained by him in consequence of his voluntarily and unnecessarily standing upon the platform of a passenger car, while the train is in motion."

As the case was submitted to the jury at this latter hearing, there was conflicting testimony on this issue as to whether or not there was standing room within the car. It appears that parties boarded this car and subsequently found seats. Most of these parties, however, were

Railway v. Lohe.

ladies, and it does not appear whether they found vacant seats or whether they secured seats through the gallantry of gentlemen who surrendered their seats to them. Just how crowded this car was and whether or not standing room within was reasonably available or could be conveniently obtained, is a mixed and doubtful question involving many elements of fact, which must, by its nature, have been submitted to the jury, as it was in this case. In the Ohio Law Bulletin for January 2, 1905, there is reported a case by the Illinois supreme court, October 24, 1904, *Chicago & W. I. Ry.* v. *Newell*, 50 Bull. 2 (72 N. E. Rep. 416), wherein it is said:

"1. Where a railroad train was so crowded with passengers that some of them were standing on the platform, and the train rounded a curve at the rate of twenty-five or thirty miles an hour, and a passenger was thrown off, in an action for his injuries it could not be said as a matter of law that there was no negligence in so operating the train.

"2. Where a passenger was injured by being thrown from the platform of a railroad train as it rounded a curve, in an action for the injuries, it appearing that neither seats nor standing-room in the cars could be conveniently obtained, it was a question for the jury whether plaintiff was guilty of contributory negligence."

"Ordinarily, it is *prima facie* evidence of negligence for a passenger to stand or ride upon the platform of a moving railway train; but where, as the evidence tends to show in this case, neither seats nor standing room in the cars could be conveniently obtained, it became a question of fact for the jury whether the plaintiff was guilty of contributory negligence by being upon the platform from which he fell. It is only when the inference of negligence necessarily results from the statement of facts that the court can properly instruct the jury that such facts establish negligence as a matter of law. Standing or sitting upon the platform or steps of a railway car when the train is in motion, although it may be *prima facie* evidence of negligence, is not, under all circumstances, negligence *per se* and as a matter of law."

If submitted to us *de novo* we would be inclined to find on the testimony contained in the record that there was sufficient standing room within the car not to justify the deceased, Lohe, in standing where he did upon the platform. But we are not prepared to hold that a finding on this issue by the jury is manifestly against the weight of the evidence. It was stated as a fact in the opinion of the Supreme Court before that the conductor and the assistant conductor had requested the deceased, William Lohe, to go inside. This fact is also put in issue at this latter hearing in the common pleas court. One of these men

weakened somewhat in his testimony and there was evidence tending to contradict any such request on the part of either of them by witnesses who stood beside the conductor and assistant conductor and the said William Lohe, and testified that they did not hear either of them make such a request.

Again, in the former hearing, it appears unchallenged, that there was a sign up, "Passengers not allowed on the platform." In the syllabus in *Cin. L. & A. Elec. St. Ry.* v. *Lohe, supra,* the court says:

"Where the passenger purposely violates such rule, and is thereby injured, he cannot recover damages from the carrier in an action on the contract."

It appears from the record that this railroad had been in operation but a few days prior to the happening of this accident, and that at noon of the day upon which the accident happened, the company, for the first time, promulgated the rule against passengers standing on the platform, by putting up the sign as claimed. There is no other testimony tending to bring home knowledge of this rule to the deceased, William Lohe, other than by the hanging up of the sign. On the other hand, there is testimony tending to show that from the time the road began operation, that the platforms were frequently and almost usually crowded, and that the said William Lohe lived upon the line of this railroad where he would probably observe this custom at least to the extent that the practice had been tolerated during the short period of operation of the road.

It does not appear that said William Lohe as a fact did see this sign, but it would be a question to be left to the jury, in view of the size and character of the sign, its location, the crowd upon the car and upon the platform, whether a reasonable man in the exercise of ordinary caution and care and observation, would or ought to have seen it; and it is possible for the jury to have found that in view of all the facts and circumstances shown in this record that the said William Lohe did not see this sign and did not know of the rule aforesaid.

As the case was submitted to the jury at this last hearing there is left open the entire question of proximate cause,—be it what it may —whether or not, it contributed to his fatal injury.

The court may find as a matter of law that certain conduct constitutes contributory negligence *per se,* when it is such an act that all men must conclude that it was the proximate cause of the injury. Here, however, the question is somewhat obscure and left in the domain of issues of fact upon which there is conflicting testimony.

It appears that the deceased William Lohe was found under the

Railway v. Lohe.

platform of the car, with the handle rail resting across but not touching his neck. It is true that he probably could not have been in this position had he not been upon the platform, and yet this is not indisputably so, because it appears that one other passenger who stood inside the car but near the door was precipitated out upon the platform and likewise fell partially under the car and had his leg broken. Neither is it certain that said William Lohe was killed by the car falling on him. He may have been killed inside the vestibule by part of the car striking him; he may have been killed by striking the ground; or he may have been killed by the car and the handle rail falling upon him. The Supreme Court takes as its basis of fact in the former case, and states:

"Those inside the car escaped without injury. If he had gone inside when ordered to do so, the presumption is that he too would have escaped."

It now appears at this hearing on the contrary that there was a lady within the car who was severely injured and who subsequently died, and others within the car were badly shaken and some injured. This being true, may not the jury have found that even had the said William Lohe taken the most available place within the car which might have been near the door, that the accident might have happened, or would have happened, with precisely the same results; that therefore the fact that the deceased, William Lohe, was upon the platform, was not the proximate cause of the injury. Thus we see that the four elements of fact which were assumed and adopted as the basis of the Supreme Court's decision, are all in this latter trial put at issue in such a manner that the jury could find for the plaintiff, and the record is such that the trial court and this court may well shrink from saying it is so manifestly against the weight of the evidence as to justify setting the verdict aside.

We are therefore of opinion that if we do not disturb the finding of the jury upon any of these issues of fact which at this last trial were open and submitted to the jury, there is nothing in their verdict or the judgment of the court below inconsistent with the principles of law laid down by the Supreme Court, when this case was before them, and we are therefore constrained to affirm the judgment.

**Giffen** and **Swing, JJ.,** concur.